UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHNNY BOYD ROE,

           Petitioner,

      v.

BRIAN BELLEQUE,

           Respondent.

No. CV03-1659-ST

OPINION AND ORDER

**MOSMAN, J.,**

    At issue in this case is Mr. Roe's 28 U.S.C. § 2254 habeas petition.  Mr. Roe filed his § 2254 petition pro se raising numerous issues.  Thereafter, appointed counsel for Mr. Roe filed a motion for summary judgment (#33) and supporting memorandum (#34) arguing three issues: "1) prosecutorial comment on pretrial silence; 2) a gun minimum sentence; and 3) the prosecutor's use of leading questions to elicit evidence necessary to prove an element of one of the offenses." The motion was unaccompanied by a concise statement of facts, and therefore Magistrate Judge Stewart construed the memorandum (#34) as a Memorandum in Support of the Petition for Habeas Corpus.  Upon review, Judge Stewart issued a Findings and Recommendation ("F&R") (#58) recommending Mr. Roe's § 2254 petition be denied and his case be dismissed with prejudice.  Mr. Roe filed timely objections to the F&R (#62), essentially rearguing the three

PAGE 1 - OPINION AND ORDER

issues he initially raised in his memorandum. He also argues Judge Stewart erred in dismissing his entire case instead of simply denying his motion on three issues argued and allowing him to proceed on the additional issues identified in his original petition.

The magistrate judge only makes recommendations to the court, to which any party may file written objections. The district court is not bound by the magistrate's recommendations, but retains responsibility for making the final determination. Where objections have been made, I conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(C). Because I agree with Judge Stewart's analysis except to the extent that she found there was no Fifth Amendment violation in the prosecutor's comments on Mr. Roe's silence, I adopt the F&R with the following modifications.

**I.      Comment on silence**

As detailed in the F&R, this case arose out of a dispute between Mr. Roe and a companion and another group of people while they were all at a lake. Mr. Roe admitted to firing his shotgun over the other group's vehicle while they were at the lake, and chasing the group in his vehicle after they drove away. At some point, both vehicles stopped and a physical altercation ensued. Law enforcement officers arrived on the scene, and in response to an officer's questions, Mr. Roe stated: "All I can say is my neck hurts." Trial Tr. at 266. Thereafter, Mr. Roe was arrested and given his *Miranda* warnings.

Mr. Roe was charged with multiple counts of Unlawful Use of a Weapon with a Firearm, Attempted Assault in the First Degree with a Firearm, Attempted Assault in the Second Degree, and Assault in the Second Degree. At trial, Mr. Roe testified in his own defense that his companion was the one who was primarily angry with the fleeing group, that his companion was the one who fired at the group during the ensuing chase, and that he did not know his companion

was firing at the group or why his companion was so angry. In response to Mr. Roe's testimony, the prosecutor asked him during cross examination if he had ever told his version of events to the police. Specifically, the prosecutor asked whether Mr. Roe related his story to the arresting officer at the scene of the events. Mr. Roe replied that he did not. In addition, during closing argument, the prosecutor stated:

> A person who is in a situation like that, I submit to you, when they first come in contact with the police, will tell them exactly what happened. But Mr. Roe said nothing, other than, "My neck hurts.". . . .
> . . . .
> And the normal reaction of somebody who was telling the truth would be – if I was – if you were being put in cuffs and being arrested for something, you'd be telling them, "Wait. There's another side to this story. Let me tell you what it is."

Supp. Tr. A at 58-59.

Mr. Roe argues the prosecutor's comments violated his due process rights. Judge Stewart rejected this argument finding that "[t]he prosecutor commented only on the limited nature of [Mr. Roe's] pre-*Miranda* response." F&R at 10. In the alternative, Judge Stewart found that to the extent there was error in the prosecutor's statements, it was harmless. *Id.* at 11-12.

The Supreme Court has established that while pre-*Miranda* silence can be used to impeach a defendant, *Fletcher v. Weir*, 455 U.S. 603, 607 (1982); *Jenkins v. Anderson*, 447 U.S. 231, 240 (1980), it is a violation of due process for a prosecutor to comment on a defendant's post-*Miranda* silence. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). In addition, the Ninth Circuit has held that comment on post-*arrest* silence, irrespective of whether *Miranda* warnings have been given, violates due process. *United States v. Whitehead*, 200 F.3d 634, 639 (9th Cir. 2000). In *Whitehead*, the defendant was stopped at the United States-Mexico border on suspicion of drug trafficking. *Id.* at 636. He responded to questioning during inspection, but once he was

PAGE 3 - OPINION AND ORDER

taken into custody and before he received his *Miranda* warnings he was silent. *Id.* at 636-37. At trial, the prosecutor commented about the defendant's silence during closing argument. *Id.* at 638. The court held: "when the district court admitted evidence of [the defendant's] post-arrest, pre-*Miranda* silence, and when it allowed the government to comment on this silence during closing argument, it plainly infringed upon [the defendant's] privilege against self-incrimination." *Id.* at 639.

In this case, the prosecutor's questioning of Mr. Roe and his closing argument comments were not clearly limited to Mr. Roe's pre-arrest silence. During cross examination, the prosecutor asked: "Well, when [the officer] was there at the scene of the arrest - - . . . You talked to him then, didn't you?" Trial Tr. at 266. More importantly, at closing argument, the prosecutor stated: [T]he normal reaction of somebody who was telling the truth would be - - if I was - - if you were being put in cuffs and being arrested for something, you'd be telling them, 'Wait. There's another side to this story. Let me tell you what it is.'" Supp. Tr. A at 59. As such, under *Whitehead*, Mr. Roe's due process rights were violated. However, even though I modify the F&R as relates to whether a constitutional violation occurred, I agree with Judge Stewart that any error in relation to this issue was harmless.

## II.     Dismissal of case

Mr. Roe also argues in objection to the F&R that even if the court agrees the three arguments raised in his memorandum should be denied, the case should not be dismissed as he raised other arguments in his original § 2254 petition that have not yet been decided. In a habeas corpus proceeding, it is petitioner's burden to demonstrate that a state court decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where a petitioner fails to provide argument in support of his habeas claims, not only is he unable to make such a showing, but his unargued claims are deemed abandoned. *Cf. Doty v. County of Lassen*, 37 F.3d 540, 548 (9th Cir. 1994) ("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it). Thus, to the extent Mr. Roe has claims that were not addressed in his Memorandum in Support of the Petition for Habeas Corpus, they are deemed abandoned, and dismissal of the case is appropriate.

## CONCLUSION

I ADOPT the F&R in this case with the above MODIFICATIONS. Mr. Roe's memorandum (#34), construed as a Memorandum in Support of the Petition for Habeas Corpus, is DENIED, and the case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this   14th   day of March, 2006.

                                              /s/ Michael W. Mosman
                                              MICHAEL W. MOSMAN
                                              United States District Court